IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARNITA AVERY KELLY,

  Plaintiff,

  v.    CIVIL ACTION NO.
      1:11-CV-3877-TWT-JSA

SOUTHEAST TOYOTA FINANCE and
WORLD OMNI FINANCIAL CORP.,

  Defendants.

**O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 28th day of June, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNITA AVERY KELLY, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3877-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEAST TOYOTA FINANCE and | : | |
| WORLD OMNI FINANCIAL CORP., | : | |
| | : | **FINAL REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff filed the above-styled civil action on November 10, 2011. The action is before the Court on the Order [2] dated May 15, 2012 ("Order to Show Cause"), in which the Court ordered Plaintiff to file proof of service within 14 days or to show cause why this action should not be dismissed for failure of service of process. Because Plaintiff has failed to comply with the Order to Show Cause, the undersigned **RECOMMENDS** that this action be **DISMISSED** for want of prosecution pursuant to Local Rule 41.3.

In the Order to Show Cause [2] dated May 15, 2012, United States Magistrate Judge C. Christopher Hagy advised Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2B, service of the summons and complaint should have been made upon Defendant within 120 days after the filing of the Complaint in this action. Plaintiff was notified that she had failed to file the required proof of

service within the 120-day period.  Plaintiff was ordered to file with the Court within 14 days of the date of the Order to Show Cause proof of service on the two Defendants named in this action.  In the alternative, Plaintiff was order to show cause in writing within 30 days of the date of the Order to Show Cause why this case should not be dismissed for failure of service of process.  The Order was electronically published and mailed to Plaintiff's address of record.

The reference of this matter has now been assigned to the undersigned.  As of this date, more than 30 days have passed, and Plaintiff has failed to file proof of service with the Court or to show cause in writing why this case should not be dismissed.  Local Rule 41.2B provides that a case may be dismissed, without prejudice, for failure to effectuate service of process.  Local Rule 41.3 provides that a case may be dismissed, with prejudice, for failure to prosecute if "[a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa.  Because Plaintiff has failed to comply with this Court's Order to Show Cause, the undersigned **RECOMMENDS** that this action be **DISMISSED, with prejudice,** for want of prosecution, pursuant to Local Rule 41.3.  *See* LR 41.3A(2), NDGa.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 28th day of June, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE